UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN MARIE GRAYSON, | No.  2:12-cv-02825 CKD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act").  For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born August 29, 1963, applied for SSI benefits on September 29, 2008, alleging disability beginning August 25, 2008.  Administrative Transcript ("AT") 151.  Plaintiff alleged she was unable to work due to constant pain from a rod in her back, post fusion.  AT 191-92.  In a

/////

/////

1

decision dated July 27, 2011, the ALJ determined that plaintiff was not disabled.[1]  AT 21-27.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1.   There is no evidence of substantial gainful activity since September 29, 2008, the application date.
>
> 2.   The claimant has the following severe impairment: scoliosis, status post 1976 fusion with hardware.
>
> 3.   The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 4.   The claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 416.967(b).  She has no restrictions in standing, walking, or climbing stairs.  She can

---

[1]   Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76,  416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

   The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

2

sit for a total of 6 hours in an 8 hour workday. She can occasionally stoop, crouch, kneel, and squat, crawl, and climb ladders. She can lift and carry 10 lbs. frequently and 20 lbs occasionally.

5. The claimant has no past relevant work.

6. The claimant was born on August 29, 1963 and was 45 years old, which is defined as a younger individual age 18-49, on the date the application was filed.

7. The claimant has at least a high school education and is able to communicate in English.

8. Transferability of job skills is not an issue because the claimant does not have past relevant work.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10. The claimant has not been under a disability, as defined in the Social Security Act, since September 29, 2008, the date the application was filed.

AT 23-27.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: the ALJ failed to properly consider (1) the opinion of Dr. Matsumura and (2) plaintiff's testimony. ECF No. 15.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir.1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).

"The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

A. Dr. Matsumura's Opinion

Plaintiff contends the ALJ committed error in failing to accord the appropriate weight to Dr. Matsumura's medical opinion. ECF No. 15 at 7. Plaintiff asserts that the ALJ failed to give proper weight to Dr. Matsumura's residual functional capacity (RFC) assessment and to his opinion that plaintiff met Listing 1.04A. Id. at 7-12. The weight given to medical opinions depends, in part, on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen, 80 F.3d at 1285.

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons that are supported by substantial evidence. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is

contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

### 1. RFC Assessment

With regard to plaintiff's RFC, Dr. Matsumura found that plaintiff has the following limitations: lift/carry less than 10 lbs.; stand/walk less than 2 hours in an 8-hour workday; sit less than 6 hours in an 8-hour workday; must periodically alternate between sitting and standing; limited ability to push/pull with upper extremities; frequent postural limitations pertaining to climbing, balancing, kneeling, crouching, crawling, and stooping; may rarely reach, handle, finger, or feel; would be absent from work more than three times per month because of her impairments or treatment; and, limitations caused by temperature extremes, noise, dust, vibration, humidity/wetness, hazards, and fumes/odors/chemicals/gases. AT 306-309. Dr. Matsumura assigned plaintiff the most extreme limitations listed in the checkbox form for all categories except for verbal/communicative limitations. Id. He even hand-wrote a "rarely" column on the form indicating that the most extreme limitation provided on the form, "occasionally," was insufficient for categorizing plaintiff's manipulative limitations. Id. at 308. Dr. Matsumura noted that his findings were supported because plaintiff had "lots of pain" and weakness associated with pain and degenerative arthritis. AT 307-08. Plaintiff argues these severe limitations, resulting from her scoliosis, are further evidenced by reports of a limited range of motion in her back, weakness in her legs, and diminished reflexes in her upper and lower extremities. ECF No. 15 at 10; AT 260, 268, 270, 296.

Plaintiff states that "[i]t is unclear whether Dr. Matsumura met the requirements of a treating physician when he assessed [her RFC.]" ECF No. 15 at 9. However, the ALJ considered

5

Dr. Matsumura to be a treating physician. AT 25. Plaintiff also admits that the ALJ provided specific reasons for discounting Dr. Matsumura's opinion, but claims that they were not legitimate reasons. Id. at 10.

The ALJ considered Dr. Matsumura's opinion as well as the opinions of treating physician Dr. James Lee and consultative examiner Dr. Calvin Pon. AT 23-26. The ALJ found that overall there was little objective medical evidence in the record. AT 25. The ALJ assessed Dr. Matsumura's opinion and stated that it is clearly out of proportion to the medical evidence of record. Id. The ALJ noted that there is only one report of positive straight leg raising in 2007, which predates the alleged onset date, AT 50-51, and one reference to degenerative arthritis, which was not supported by objective evidence. AT 26, 260, 311. The ALJ assessed Dr. Lee's reports, which consistently state that plaintiff's neurological examinations were grossly intact, which is confirmed by hospital records. AT 267-75, 325-26, 330. Dr. Lee also consistently noted that plaintiff had full range of motion in all four extremities. AT 267-75. The ALJ also assessed Dr. Pon's opinion, which stated that plaintiff had full and active range of motion in all four extremities with no assistance and a normal gait. AT 295-96. Dr. Pon found that plaintiff had no restrictions in standing, walking, or climbing stairs; had no restrictions performing bilateral pushing, pulling, reaching, or gross and fine manipulative tasks with both hands; had no restrictions with arm/hand or leg/foot control; could sit for a total of six hours during an 8-hour workday; could occasionally stoop, crouch, kneel, squat, crawl, and climb ladders; could lift and carry 10 lbs. frequently and 20 lbs. occasionally; could drive and take public transportation. AT 296-97.

As plaintiff argues, certain RFC limitations are supported by reports from Drs. Lee and Pon regarding a limited range of motion in her back. AT 260, 268, 270, 296. However, as the ALJ noted, the evidence in the record does not support Dr. Matsumura's extreme limitations based on weakness in her legs or diminished reflexes in her upper and lower extremities. Drs. Lee and Pon consistently noted that plaintiff had no issues with her extremities. Thus, the ALJ resolved the conflict between Dr. Matsumura's opinion and those of Drs. Lee and Pon by providing specific and legitimate reasons, which are supported by substantial evidence. The ALJ

6

did not err in assessing Dr. Matsumura's RFC opinion.

### 2. Listing 1.04A

Plaintiff also argues that the ALJ failed to consider Dr. Matsumura's finding that plaintiff's condition met the requirements for Listing 1.04A. ECF 15 at 11. Dr. Matsumura noted that plaintiff "clinically clearly shows evidence of nerve root impingement by degenerative disc with accompanying radiating pain down both legs." Id.; AT 335. Plaintiff argues that the ALJ failed to articulate legally sufficient reasons for rejecting this opinion and that in doing so the ALJ made a medical conclusion, which, as a lay person, the ALJ is not qualified to do. ECF 15 at 11-12. However, plaintiff admits that "there is no testing on this record that shows nerve root impingement." Id. at 11.

The Social Security Regulations "Listing of Impairments" is comprised of impairments to certain categories of bodily systems and/or diseases severe enough to preclude a person from performing gainful activity. Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990); 20 C.F.R. § 404.1520(d). Conditions described in the listings are considered so severe as to be irrebuttably presumed disabling. 20 C.F.R. § 404.1520(d). In meeting or equaling a listing, all the requirements of that listing must be met. Key v. Heckler, 754 F.2d 1545, 1550 (9th Cir. 1985). If a claimant's impairment or combination of impairments meets or exceeds a "listing," no specific finding is necessary as to the claimant's ability to perform his or her past relevant work or any other jobs. 20 C.F.R. § 404.1520(d).

The final responsibility for deciding whether a person's "impairment(s) meets or equals the requirements of any impairment(s) in the Listing" is reserved for the Commissioner. 20 C.F.R. § 416.927(2)(2). The Commissioner will "use medical sources, including [a person's] treating source, to provide evidence, including opinions, on the nature and severity of [a person's] impairment(s)." Id. However, a person's "impairment(s) cannot meet the criteria of a listing based on a diagnosis." 20 C.F.R. § 416.925(d). Thus, Dr. Matsumura's diagnosis is insufficient, by itself, to establish that plaintiff met the requirements for Listing 1.04A. Despite plaintiff's argument that the ALJ, as a lay person, is not qualified to make this determination, it is in fact reserved for the Commissioner.

Listing 1.04A describes disorders of the spine resulting in compromise of a nerve root or the spinal cord, with evidence of nerve root compression. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 1.04, A. Listing 1.04A requires:

> Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscles weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

Id. The ALJ found that "the requisite findings of Listing 1.04A are not consistently present in the record such as to satisfy the regulatory requirements. AT 24.

As it pertains to Dr. Matsumura's opinion, the ALJ properly noted that evidence of nerve root compression is a threshold requirement for Listing 1.04A and that evidence in the record regarding nerve root compression is limited to Dr. Matsumura's statement, which is not based on any objective test result in the record. AT 24. As previously mentioned, plaintiff concedes this point. ECF No. 15 at 11. Thus, the ALJ properly found that plaintiff did not meet the requirements for Listing 1.04A because there is no objective evidence supporting the conclusion that plaintiff had nerve root compression.

Furthermore, as previously discussed, the ALJ properly found that the record did not contain consistent evidence of positive straight leg testing or motor loss accompanied by sensory or reflex loss. As such, any error in the ALJ's assessment of Dr. Matsumura's statement that plaintiff shows evidence of nerve root impingement is harmless because the ALJ properly found that the remaining requirements of Listing 1.04A were not satisfied. See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir.1990) (harmless error analysis applicable in judicial review of social security cases). The ALJ did not err in assessing Dr. Matsumura's opinion regarding Listing 1.04A.

2. Plaintiff's Credibility

Plaintiff asserts that the ALJ failed to consider her testimony properly. ECF No. 15 at 12. The ALJ found that plaintiff's allegations of disabling symptoms are not fully credible based on inconsistencies in her statements, her relative lack of medical treatment, multiple missed

appointments, and the fact that her unemployment was better explained by her status as a student, her poor work history, and the homeschooling of her children, rather than disability. AT 26. Plaintiff contends that the ALJ failed to articulate legally sufficient reasons for rejecting her testimony. ECF No. 15 at 15. However, plaintiff only addresses the ALJ's finding that her statements pertaining to her daily living activities were inconsistent and his finding that there was a relative lack of medical treatment. Id. at 14-15.

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir.

1    1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d 172, 177 n.6

2    (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the

3    Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing."

4    Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

5           In finding plaintiff not fully credible, the ALJ noted that she alleged pain in her upper

6    back, muscle weakness, dizzy spells, and that for five times a day, for about an hour, she has to

7    lie down and take medication or sit in a recliner to relieve her symptoms. AT 26. Specifically,

8    plaintiff testified that she has complications with her back, joint pain, muscle stiffness in her

9    hands, and muscle weakness. AT 36. Plaintiff testified that she never attempted less strenuous

10   work than her job as a cashier. AT 39. Plaintiff stated that she is enrolled as a full-time student,

11   taking courses on-line four days a week, which requires her to perform two hours of computer

12   work and two hours of reading. AT 40. Plaintiff also stated that either sitting or standing too

13   long would bother her, so she switches positions every 30 minutes while doing coursework. AT

14   36-37. However, she testified that she could stand for an hour and a half to two hours before

15   experiencing weakness in her legs. AT 44. She also stated that at the grocery store she requires

16   an electronic shopping cart, that her children do the carrying, and that she does not lift anything

17   over ten pounds. AT 40, 44, 45. Plaintiff testified that she stopped physical therapy because it

18   was not helping her and that she takes medication on an irregular schedule during the day. AT

19   43, 45.

20          With regard to plaintiff's pain, weakness, and inability to perform tasks such as lifting and

21   shopping, the ALJ assessed the opinions of Drs. Lee and Pon. As previously discussed, these

22   opinions state that plaintiff was found to have full and active range of motion in all four

23   extremities (including her hands), limited loss of strength, normal gait, and no difficulty

24   ambulating. This evidence undermines plaintiff's claims of weakness, difficulty walking, and her

25   inability to perform minor lifting. Also, the ALJ found that the amount of time she allegedly lay

26   down during the day—5 hours—is inconsistent with her full-time student status and her assisting

27   with cooking dinner and homeschooling her children. AT 26. Plaintiff's claim that physical

28   therapy did not help her is undermined by the fact that she failed to regularly perform her

prescribed exercises and that she missed four out of seven appointments at West Oakland Health Center between November 2008 and March 2009. AT 24, 249, 251. Lastly, the ALJ noted that plaintiff had a relative lack of medical treatment, which is supported by the fact that the record has limited objective evidence and does not indicate any discussion of less conservative treatments. AT 26. Regardless of whether plaintiff could have afforded other treatment, the record is simply devoid of objective evidence to support the extreme limitations claimed by plaintiff and discussion of less conservative treatment is absent from the record.

In sum, the ALJ had ample reason to find plaintiff's testimony warranted less than full credibility. The ALJ did not explicitly reject plaintiff's testimony, but rather stated that her unemployment is better explained by her duties as a full-time student whose children are homeschooled and by her poor past work history. Regardless, the ALJ properly evaluated the evidence in the record and gave clear and convincing reasons for finding that plaintiff's testimony was less than fully credible.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 18) is granted; and

3. Judgment is entered for the Commissioner.

Dated: October 3, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

33/4 grayson2825.ss

11